IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LYTARIAN WEAVER, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> MARTY C. ANDERSON, Warden, United ) <br> States Medical Center for Federal ) <br> Prisoners, ) <br> ) <br> Respondent. ) | Civil Action <br> No. 11-3055-CV-S-RED-H |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges the manner in which his sentence is being executed. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner contends that his sentence is being carried out in a manner contrary to what the plea agreement called for. He contends that a career offender enhancement was not part of his plea; that he is actually innocent of the enhancement; and that 28 U.S.C. § 2255 is inadequate to resolve this injustice.

Petitioner was sentenced to a 150-month sentence in the Western District of Michigan. He acknowledges that he has not previously raised this issue.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d

565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Regardless of petitioner's contentions, he has failed to demonstrate that the remedy pursuant to § 2255 is inadequate or ineffective. The action is improperly filed under the provisions of 28 U.S.C. § 2241. The issues he raises are cognizable, if at all, in the sentencing court, which is the United States District Court for the Western District of Michigan. It is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice to petitioner's right to bring his claim in the proper jurisdiction.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 2/9/11